UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO: 16-CV-81525-ROSENBERG/HOPKINS

GLADSTONE CONSULTING, INC.,
AUBREY W. GLADSTONE,
HARBOUR DRIVE, LLC,
JAX ASSET/DEBT MANAGEMENT, INC.,
and EPIX HOLDINGS CORPORATION,

      Plaintiffs,

v.

MILES & STOCKBRIDGE P.C.,

      Defendant.

_____/

## ORDER APPROVING PROPOSED FEDERAL RULE OF EVIDENCE 502(d) ORDER

**THIS CAUSE** is before this Court upon referral from the District Judge (DE 11). This Court has before it the Parties' Proposed Federal Rule of Evidence 502(d) Order. The Court APPROVES the proposed Order, with a minor amendment. The word "[i]nadvertent" is inserted at the beginning of paragraph A of the Order. An amended version of the parties' agreed confidentiality order follows this Order.

**DONE AND ORDERED** in Chambers this 22nd day of May, 2017, at West Palm Beach in the Southern District of Florida.

_James M. Hopkins_
_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO: 16-CV-81525-ROSENBERG/HOPKINS

GLADSTONE CONSULTING, INC.,
AUBREY W. GLADSTONE,
HARBOUR DRIVE, LLC,
JAX ASSET/DEBT MANAGEMENT, INC.,
and EPIX HOLDINGS CORPORATION,

     **Plaintiffs,**

v.

MILES & STOCKBRIDGE P.C.,

     **Defendant.**

_____/

## F.R.E. 502(d) ORDER

The parties to this litigation have agreed that, in order to facilitate the production and receipt of information during discovery, the following Order shall be entered pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(c)(1) for the protection of privileged materials that may be inadvertently produced or otherwise disclosed during the course of the litigation by any party and by any third party (hereinafter, "party" generically refers to any party or third-party, as may be applicable).

Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and

in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, the Court hereby ORDERS:

A.      Inadvertent disclosure (including production) of information that a producing party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege for withholding production as to which the producing party would be entitled in the above-captioned action or any other federal or state proceeding.

B.      If a receiving party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the producing party, and identify the document in question, within ten (10) business days of such discovery.

C.      Upon discovery by a producing party (whether by notice from the receiving party, or otherwise) that it did or may have produced Privileged Information, the producing party shall promptly request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving party, which shall identify the documents or ESI in question by Bates number or otherwise and the basis on which the privileged information should have been withheld from production. The requirements in this paragraph apply equally to instances in which a producing party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this Order, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.

D.      Within five (5) business days of receipt of a Clawback Letter, the receiving party shall return, destroy or sequester all documents or ESI containing Privileged

Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving party plans to challenge the claim of privilege, and confirm in writing that all such documents or information have been returned, destroyed or sequestered. The receiving party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

E.     If a receiving party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing party and provide the basis for disputing the privilege claim in writing. The producing party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the parties shall meet and confer in a good faith attempt to resolve the dispute.

F.     In the event that the parties do not resolve their dispute, the receiving party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing party shall submit to the Court, under seal and for *in camera* review, a copy of the disputed Privileged Information in connection with its motion papers. This *in camera* submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than thirty (30) days after the parties meet and confer. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the parties.

G.     The parties agree that counsel that receives inadvertently produced privileged information will not be subject to disqualification or any other sanction by virtue of being in possession of, or having reviewed or used, directly or indirectly, the privileged information

prior to a clawback demand; nor will the fact that the lawyer is aware of the privileged information after a clawback demand and indirectly uses such information in defense of the case be grounds for disqualification.

H.      Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving party may challenge the assertion of any privilege or protection by the producing party.

I.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

DONE AND ORDERED in Chambers this 22 day of May, 2017.


_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE


Copies to: All counsel of record


WPB_ACTIVE 7766950.1